THOMAS E. MULVIHILL, ESQ. (SBN 129906)
TAMIKO A. DUNHAM, ESQ. (SBN 233455)
ELIZABETH T. FERGUSON, ESQ. (SBN 318934)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897
Email: tmulvihill@bjg.com
       tdunham@bjg.com
       eferguson@bjg.com

Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE
COMPANY, a Michigan corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>         Plaintiff,<br>v.<br><br>GREEN EARTH MANAGEMENT, LLC, a California limited liability company.<br><br>         Defendant. | Case No.: 3:18-cv-7314-WHA<br>Assigned for All Purposes to the<br>Honorable William H. Alsup<br><br>**PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**Complaint Filed:** December 4, 2018<br>**Trial Date:** None |

Pursuant to Civil Local Rule 16-2(d) Plaintiff ATAIN SPECIALTY INSURANCE COMPANY ("ATAIN") makes this Administrative Motion for an Order relieving it from the Court's Order Setting Initial Case Management Conference and ADR Deadlines issued on December 5, 2018 (Dkt. 5); the Clerk's Notice Scheduling CMC on Reassignment issued on

January 3, 2019 (Dkt. 12); and the Clerk's Notice Continuing CMC issued on February 14, 2019 (Dkt. 16) (collectively, "Case Management Order"). ATAIN makes this request for relief without consensus reached with Defendant who has not made an appearance in this action.

On February 4, 2019, the Clerk of this Court entered a default against Defendant GREEN EARTH MANAGEMENT, LCC ("Defendant"). Since that filing, Defendant has not contacted ATAIN with respect to this action. ATAIN intends to move for a Default Judgment against Defendant, and therefore respectfully requests that this Court revise the Case Management Order to permit sufficient time for preparing and filing a Motion for Default Judgment, to provide notice to Defendant, and for the Motion to be heard and decided by this Court. Pursuant to Local Rule 16-2(d)(3), ATAIN proposes the following revised case management schedule:

(1) The Initial Case Management Conference is to be held on or after June 6, 2019, as the court's calendar permits.

(2) May 16, 2019, is the last day to meet and confer regarding initial disclosures, early settlement, ADR process selection, and the discovery plan pursuant to Rule 26(f) of the FRCP and ADR Local Rule 3-5;

(3) May 30, 2019, is the last day to file the Rule 26(f) Report; complete initial disclosures or state objections to such disclosures in the Rule 26(f) Report; file the ADR Certification signed by the Parties and Counsel per Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b); and file the Case Management Statement per the Standing Order regarding the Contents of Joint Case Management Statement pursuant to Rule 26(a)(1) of the FRCP and Civil Local Rule 16-9.

This Motion for Administrative Relief is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Elizabeth T. Ferguson ("Ferguson Decl."), and the files and records of this action.

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

### a. Background

Defendant is a wood chipping and recycling business located at 650 Kings Row in San Jose, California ("premises").

On November 14, 2017, a fire of unknown cause broke out on Defendant's premises at approximately 3:00 a.m. to 4:00 a.m., originating at a pile of processed wood. Dkt. 1, ¶ 9. On that same day, Defendant caused a Property Loss Notice to be issued to ATAIN pursuant to ATAIN Policy No. CIP302857, effective from November 16, 2016 to November 17, 2017 ("ATAIN Policy") by and through its retail insurance broker in connection with the fire. *Id.* at ¶¶ 10, 31. The Property Loss Notice described the loss as "suspected arson" and that the "[f]ire appears to be contained to a wood chip pile and covered equipment." *Id.* at ¶ 31. Defendant demanded that ATAIN issue payments under the ATAIN Policy as a result of the fire ("Claim"). *Id.* at ¶ 32.

ATAIN adjusted the Claim under a reservation of rights and retained an independent adjuster and fire cause and origin expert to assist in the claim investigation, including multiple inspections of the premises. *Id.* at ¶ 33. ATAIN also conducted Examinations Under Oath of Defendant's personnel, and retained a forensic account to investigate Defendant's claims regarding loss of business income and expenses. *Id.* at ¶¶ 34-35. ATAIN's investigation directs that the alleged loss to heavy industrial equipment included in the Claim is not covered by the ATAIN Policy; that Defendant provided conflicting evidence regarding the loss with respect to items of alleged property loss, including with respect to security cameras, truck scales, and computer equipment; and that Defendant provided conflicting evidence concerning business income and expense losses, including with respect to "incurred" labor costs, rent for a location other than the premises, and removal of green waste from the premises. *Id.* at ¶ 44. The ATAIN Policy sets forth that the Coverage Parts of the Policy are void in any case of fraud, intentional concealment or misrepresentation of a material fact by any insured with respect to a claim. *Id.* at ¶¶ 19, 24, 30.

Between January 15, 2018 and April 30, 2018, ATAIN issued payments to Defendant under the ATAIN Policy subject to reservation of rights, including the right to seek reimbursement for these payments. *Id.* at ¶¶ 36-40, 59. Over these months, ATAIN paid a collective total of

$83,326.05 to Defendant in connection with the Claim. *Id.* at ¶ 46. On August 10, 2018, Defendant submitted an Amended Claim for additional sums that it believes are covered under the ATAIN Policy, which ATAIN contends that it is not obligated to pay. *Id.* at ¶¶ 43, 48.

ATAIN contends that it has overpaid Defendant with respect to the Claim pursuant to the terms of the ATAIN Policy. *Id.* at ¶ 48. ATAIN further avers that Defendant engaged in fraud, intentional concealment, and/or misrepresentation of material fact with respect to the Claim and Amended Claim under the ATAIN Policy, which voids coverage. *Id.* at ¶ 54. ATAIN asserts that it is entitled to recover payments made to Defendant for benefits to which Defendant was not entitled. *Id.* at ¶¶ 59-60.

### b. Procedural Background

On December 4, 2018, ATAIN initiated this coverage action to seek a declaratory judgment and reimbursement to payments made under the ATAIN Policy by filing suit against Defendant. Ferguson Decl., ¶ 3; Dkt. 1. ATAIN effected service of process on Defendant on December 20, 2018. Ferguson Decl., ¶ 4; Dkt. 11. Defendant has not appeared in this case. Ferguson Decl., ¶ 5.

On February 4, 2019, ATAIN filed a Request to Enter Default against Defendant. Ferguson Decl., ¶ 6; Dkt. 13. On that same day, the Clerk of this Court entered a default as to Defendant. Ferguson Decl., ¶ 7; Dkt. 14.

### c. Good Cause Exists to Continue Case Management Conference

The Case Management Conference is currently scheduled for March 21, 2019. Dkt. 16. However, good cause exists to continue the conference and the corresponding case management deadlines. ATAIN intends to file a Motion for Default Judgment against Defendant. ATAIN requires sufficient time to prepare and file said motion, to provide notice to Defendant, and for the motion to be heard and decided by this Court. Under these circumstances, ATAIN believes that continuing the Case Management Conference and related obligations would promote productive case management as well as judicial economy and efficiency.

///

///

1    Accordingly, ATAIN respectfully requests that this Court continue the Case Management
2    Conference so that it may be held on or after June 6, 2019, and revise the Case Management Order
3    as set forth above.

5    DATED:  February 25, 2019                    BOORNAZIAN, JENSEN & GARTHE
                                                  A Professional Corporation

                                                  By:      /s/ Elizabeth T. Ferguson
                                                      THOMAS E. MULVIHILL, ESQ.
                                                      TAMIKO A. DUNHAM, ESQ.
                                                      ELIZABETH T. FERGUSON, ESQ
                                                       Attorneys for Plaintiff,
                                                      ATAIN SPECIALTY INSURANCE
                                                                COMPANY

28100\796019