IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ATAIN SPECIALTY INSURANCE
COMPANY, a Michigan Corporation,

     Plaintiff,

  v.

GREEN EARTH MANAGEMENT, LLC,

     Defendant.

                           /

No. C 18-07314 WHA

**ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT**

**INTRODUCTION**

In this insurance action, plaintiff moves for default judgment. For the reasons stated herein, the motion is **GRANTED**.

**STATEMENT**

Defendant Green Earth Management, LLC is a wood-chipping and green-waste recycling business in San Jose. In November 2017, a fire of unknown cause broke out on its property. At the time, it had an insurance policy from plaintiff Atain Specialty Insurance Company. The policy provided coverage for Green Earth's building or personal property, business income or extra expenses, and specific equipment. Under each part, the policy stated that coverage would be void in any case of fraud, misrepresentation, or intentionally concealed material facts. On the same day as the fire, Green Earth notified Atain of property loss and allegedly demanded payment for damage resulting from "suspected arson." Green Earth supported its claim with an

expense report alleging loss to real and personal property along with lost income and extra expenses (Dkt. No. 22 at 4–11).

Atain retained forensic accountants to review Green Earth's report of income loss. Atain also used an independent adjuster and fire consultant to assist in investigating the rest of the reported damage. The adjuster and consultant interviewed Green Earth personnel and inspected the premises from November 2017 through January 2018. During the investigation, Atain "determined that Green Earth's claim was rife with intentional material misrepresentations regarding losses under both Coverage Parts" (Dkt. No. 32 at 8, 13–15).

After adjusting the claim amounts, Atain made three payments to Green Earth which collectively amounted to $83,326.05. With each payment, Atain reserved the right to adjust or seek reimbursement for amounts not covered by the policy. Because Green Earth subsequently disagreed with the amount paid under the policy, Atain demanded an appraisal. Both parties, however, agreed to suspend the appraisal because Green Earth amended its claim in August 2018. Although Green Earth adjusted some amounts, Atain alleges that the amended claim still contradicted the damages calculated in its investigation (Dkt. No. 22 at 11–14).

In December 2018, Atain filed a complaint for declaratory judgment and reimbursement and served Green Earth two weeks later. Originally assigned to Magistrate Judge Nathanael Cousins, this action was reassigned to the undersigned because Atain did not consent to the jurisdiction of a magistrate judge. In February 2019, the clerk entered default against Green Earth. Green Earth failed to respond to Atain's complaint and failed to appear at the case management conferences in March and April 2019 (Dkt. Nos. 1, 8, 11, 14).

On April 5, 2019, Atain filed an amended complaint and served Green Earth by process server three days later, rendering an answer due by April 29, 2019 (Dkt. No. 23). On April 25, 2019, an order required Atain to notify Green Earth's prior counsel in "attempt to promptly alert defendant of the possibility of a default judgment" (Dkt. No. 25). Five days later, Atain moved for entry of default against Green Earth on the ground that Green Earth failed to appear or otherwise respond to the amended complaint (Dkt. No. 27). The clerk entered default judgment against Green Earth on May 1, 2019. On October 23, 2019, Atain moved for default judgment.

Green Earth "has been effectively unreachable throughout this litigation" (Dkt. No. 25).

This order follows oral argument.

## ANALYSIS

### 1.    DEFAULT JUDGMENT.

After entry of default, a court may exercise its discretion to grant default judgment on the merits of the case. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also* FRCP 55. The factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party and are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The following factors may be considered in determining whether or not to enter default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The majority of the *Eitel* factors support default judgment. *First*, if this motion were to be denied, then Atain would likely be left without a remedy given Green Earth's failure to appear or otherwise defend this action. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. 2002) (Judge Nora Margaret Manella). *Second*, Atain properly served Green Earth with both complaints and there is no evidence in the record that Green Earth's failure to appear and otherwise defend this action was the result of excusable neglect. *Third*, the sum of money being sought by Atain is reasonable in that it is "directly proportional to the harm that [Atain] suffered in paying out insurance policy benefits" for Green Earth's misrepresentation and fraudulent claims (Dkt. No. 32 at 12). *Fourth*, because Green Earth has not answered the complaint or otherwise appeared in this action, the possibility of a dispute concerning material facts is unknown. *Finally*, a decision on the merits is impossible due to Green Earth's failure to respond.

1    Having determined that on balance the *Eitel* factors discussed above support Atain's

2    motion, this order turns to the merits of Attain's substantive claims and the sufficiency of the

3    evidence (the second and third *Eitel* factors). These factors require Atain to state a claim on

4    which it may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

5    The amended complaint states three claims for relief. *First*, Atain seeks declaratory

6    judgment that it has no duty to indemnify Green Earth for any additional amount under the

7    policy with respect to the amended claim and that it has either overpaid for the claim or owes

8    nothing pursuant to the terms and conditions of its policy. *Second*, Attain seeks declaratory

9    judgment that Green Earth engaged in fraud, intentional concealment, or misrepresentation of

10   material fact with respect to the claim and amended claim. *Finally*, Attain asks for monetary

11   judgment against Green Earth for reimbursement and restitution of benefits unjustly paid under

12   the policy in the amount of $83,326.05 (Dkt. No. 22 at 24–27).

13   Atain supports its claim that Green Earth misrepresented material facts with

14   well-documented evidence gathered from the investigation conducted by independent

15   adjusters juxtaposed with Green Earth's inconsistent claims. If this allegation of fraud and

16   misrepresentation is true, then Atain would not be obligated to indemnify Green Earth because

17   the policy would subsequently be rendered void. Atain brings sufficient evidence to support

18   these claims and Green Earth has never responded. Atain's first two claims, therefore, state a

19   claim on which it may plausibly recover on its merits. In sum, after careful consideration of

20   all of the *Eitel* factors, Atain is entitled to default judgment on its first two claims against

21   Green Earth.

22        **2.    DAMAGES.**

23   Once default is entered, the well-pled factual allegations in the complaint are taken as

24   true, except for those relating to the amount of damages. *Heidenthal*, 826 F.2d at 917–18.

25   "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient,

26   are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.

27   1992); *see also DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). A court has

28   "wide latitude" and discretion in determining the amount of damages to award upon default

4

1     judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993). Atain must provide evidence of

2     its damages, and the damages "must not differ in kind, form, or exceed in amount, what is

3     demanded in the pleadings." Rule 54(c).

4          Our court of appeals holds that an insurer is entitled to recover the "full payment made

5     under the policy" if the policy "provides that it is void if the insured misrepresents any material

6     fact" and it is determined that the insured violated the provision. *Perovich v. Glens Falls Ins.*

7     *Co.*, 401 F.2d 145, 147 (9th Cir. 1968). Atain's motion for default judgment seeks $83,326.05

8     for "restitution of benefits paid under the Policy to which Green Earth was not entitled" (Dkt.

9     No. 32 at 10). This amount is the full payment Atain gave to Green Earth in connection with

10    Green Earth's original claim. Because Atain seeks reimbursement in "the amount that it paid

11    to Green Earth under the Policy in response to this claim before it discovered the fraud", Atain is

12    entitled to the full amount claimed (*id*. at 12).

**CONCLUSION**

14         For the reasons stated above, the motion for default judgment is **GRANTED**.

15    Judgment shall be entered separately.

17         **IT IS SO ORDERED.**

19    Dated: December 9, 2019.

                              WILLIAM ALSUP

20                                UNITED STATES DISTRICT JUDGE